UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EXTREME ENGINE SERVICE, LLC** | * | **CIVIL ACTION NO. 18-0855** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **ROTARY CORPORATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

On August 21, 2018, the undersigned entered an Order [doc. #11] directing the parties to submit briefs on whether this Court has subject matter jurisdiction to decide this matter. Plaintiff Extreme Engine Service, LLC ("Extreme Engine") and Defendant Rotary Corporation ("Rotary") submitted their briefs on the issue. For reasons assigned below, it is recommended that this Court remand the case to state court.

### Background

Extreme Engine commenced this action against Rotary on May 22, 2018, by a filing a Petition for Damages in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. [doc. #1-2]. According to the Petition, Extreme Engine purchased parts and equipment from Rotary for retail sale. In January 2018, Extreme Engine notified Rotary of cessation of business and requested Rotary repurchase parts on hand and in inventory. Extreme Engine alleges Rotary's subsequent refusal violates La. R.S. § 51:481 *et seq.* and seeks an order compelling Rotary to repurchase the parts or, in the alternative, seeks damages, as well as recovery of costs and attorney's fees.

On June 27, 2018, Rotary removed this matter to federal court on the basis of diversity

jurisdiction, 28 U.S.C. § 1332(a). (Notice of Removal, [doc # 1]). Rotary claimed removal is proper because the parties are completely diverse in that Extreme Engine is a Louisiana citizen and Rotary is a Georgia citizen. Further, Rotary claimed "[i]t is apparent from the Petition for Damages that the amount in controversy exceeds $75,000 when one considers the amount of inventory involved and Plaintiff's claims . . ., which includes attorney fees." (*Id.* ¶ 14).

On August 21, 2018, the undersigned entered an Order directing the parties to submit briefs, together with supporting evidence, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal. Rotary submitted a brief arguing in the affirmative [doc # 12], and Extreme Engine submitted a brief arguing in the negative [doc # 13].

## Discussion

A defendant may remove an action from state court to federal court provided the federal court has subject matter jurisdiction over the matter. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The party seeking to assert jurisdiction bears the burden of proving its existence. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless the party invoking federal jurisdiction establishes otherwise. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this case, Rotary invoked federal jurisdiction on the basis of diversity, which requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. 28 U.S.C. 1332(a). Courts ordinarily consult the state court petition to determine the amount in controversy. *Manguno*, 276 F.3d at 723. However, Louisiana law prohibits parties from alleging a specific monetary amount. *Id.* (citing La. Code Civ. Proc. art. 893). "[W]hen the

plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003). This requirement is fulfilled if (1) "it is facially apparent" from the complaint that plaintiff's "claims are likely above [$75,000]" or (2) defendant sets forth facts in the removal petition or an affidavit "that support a finding of the requisite amount." *Id.* (alteration in original). If attorney's fees are permitted by a state statute, they are included in calculating the amount in controversy. *Manguno*, 276 F.3d at 723.

      Here, Rotary claims the value of Extreme Engine's inventory is $42,568.44. In support of this amount, Rotary submits (1) an affidavit from its president stating the total value of the parts; (2) a list, provided by Extreme Engine, of the parts; and (3) a chart detailing the value of the parts based on Rotary's 2017 valuation. [*see* doc. # 12-1]. Rotary also claims it would be required to pay shipping costs or a sum equal to five percent of the current net price for all parts returned under La. R.S. § 51:485. Additionally, Rotary may bear the costs of appointing a sheriff to inspect the parts and certify their acceptability. Finally, Extreme Engine seeks costs and attorney's fees, which are recoverable pursuant to La. R.S. § 51:483. Rotary contends that the sum of the value of the inventory, additional expenses, and costs and attorney's fees exceeds $75,000. [*see* doc. # 12].

      Extreme Engine does not dispute Rotary's calculation of the value of the inventory. However, Extreme Engine disagrees that the additional costs and fees will cause the amount in controversy to satisfy the jurisdictional requirement. Extreme Engine calculated that five percent of the net price of parts returned equals $2,128.42. Further, Extreme Engine does not anticipate

that the possible additional costs, including packing and loading the inventory, shipping, and inspection and certification services, will be excessive. Additionally, Extreme Engine submitted a sworn affidavit from its lead attorney, Brady D. King II, who stated he expects the total cost of this litigation will not exceed $15,000. Based on its own estimates, Extreme Engine contends Rotary has not proven that the sum of the inventory, potential costs, and fees satisfies the amount required for removal. [*see* doc # 13].

Rotary's estimate of damages falls far short of the jurisdictional threshold. While Rotary has demonstrated it may be required to pay $44,696.86, it has failed to provide any calculation for attorney's fees or other possible expenses. The undersigned therefore concludes that Rotary has failed to meet its burden of establishing the amount in controversy requirement is satisfied.

Additionally, while this Court's Order only questioned the amount in controversy, Rotary has also failed to sufficiently allege complete diversity as required by 28 U.S.C. § 1332(a). When establishing diversity jurisdiction, the citizenship of each party must be "*distinctly* and *affirmatively* alleged." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). This rule requires "strict adherence." *Id.* A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *Id.* A limited liability company is a citizen of every state in which a member of its company is a citizen. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

Rotary is a Georgia citizen because it is incorporated and has its principal place of business in Georgia. (*See* Notice of Removal ¶¶ 10-12). In its Notice of Removal, Rotary alleged Extreme Engines is a Louisiana citizen because it stated it is a Louisiana limited liability

company in its Petition for Damages. (*Id.* ¶ 9; [*see* doc. # 1-2]). However, Rotary failed to provide the citizenship of each of Extreme Engine's members and therefore has not alleged complete diversity. Thus, Rotary has not established that this Court has subject matter jurisdiction to decide this matter.[1]

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the matter be remanded to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[1] The court also observes that, on July 5, 2018, Rotary filed a Rule 12(b)(6) motion to dismiss Extreme Engine's claim. [doc. # 5]. Based on this Report and Recommendation, the court will not address the motion.

In Chambers, at Monroe, Louisiana, this 13th day of September 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE